J-S62034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLAYTON SMITH | |
| Appellant | No. 648 WDA 2015 |

Appeal from the Judgment of Sentence March 25, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011556-2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED OCTOBER 16, 2015**

Appellant, Clayton Smith, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for terroristic threats and disorderly conduct.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On August 16, 2014, Melinda Snyder ("Victim") was working as the overnight pharmacist at the CVS at 4610 Centre Avenue in Pittsburgh. Around 11:00 p.m., Appellant approached the pharmacy counter with a narcotics prescription.  Victim told Appellant the pharmacy did not have the medication in stock.  Appellant then called Victim a "fucking bitch."  Victim

---

[1] 18 Pa.C.S.A. §§ 2706(a)(1); 5503(a)(3), respectively.

---

*Retired Senior Judge assigned to the Superior Court.

informed Appellant that he could not use that type of language in the store and asked Appellant to leave. Appellant refused to leave and continued using obscene language. Victim told Appellant that if he did not leave the store Victim would call the police. Appellant responded: "You're lucky I don't come behind there and slit your fucking throat." Appellant lingered for a short time between the drop-off/pick-up counters but finally exited the store when Victim called 911.

The Commonwealth charged Appellant with terroristic threats and disorderly conduct. Appellant proceeded to a bench trial on March 25, 2015. Victim testified about the August 16, 2014 incident. Victim said Appellant was very loud, intimidating, scary, and frightening. Victim testified she called the police because she feared Appellant might carry out his threat, and Victim was unsure if Appellant was carrying a weapon. Victim indicated Appellant is much taller than she is, and Appellant could have jumped over the pharmacy counter without difficulty. The Commonwealth also presented testimony from Officer Edward Wolff, who responded to the 911 call. Officer Wolff saw a man matching the suspect's description at a bus stop across the street from the CVS. Officer Wolff confronted Appellant and asked him about the incident. Appellant told the officer he had tried to obtain a prescription and became upset when the pharmacist would not fill his prescription. Appellant admitted to the officer that Appellant had told the pharmacist "somebody would get hurt." The defense did not present any

evidence at trial.

At the conclusion of evidence, the court convicted Appellant of terroristic threats and disorderly conduct. The court specifically noted it found Victim's testimony credible. Appellant proceeded directly to sentencing. The Commonwealth requested "at least" a standard range sentence (six to sixteen months' imprisonment). Defense counsel advocated for something other than jail time and suggested intermediate punishment or home monitoring. Defense counsel explained Appellant takes medication for paranoia, has severe mental health issues, and suffers from severe kidney failure. Defense counsel also highlighted that Appellant had not committed criminal acts for nearly fifteen years. The court acknowledged that Appellant's last criminal case was in 2003, so the court declined to impose a sentence of imprisonment. Instead, the court sentenced Appellant to five (5) years' probation for the terroristic threats conviction and imposed no further penalty for the remaining conviction.

On March 30, 2015, Appellant timely filed a post-sentence motion, which the court denied on April 8, 2015. Appellant timely filed a notice of appeal on April 21, 2015. On April 30, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on May 19, 2015.

Appellant raises three issues for our review:

> DID THE TRIAL COURT ERR IN CONVICTING [APPELLANT] OF MAKING TERRORISTIC THREATS AGAINST [VICTIM]

WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AT THIS COUNT, BECAUSE NO EVIDENCE PROVED [APPELLANT'S] INTENT TO TERRORIZE VICTIM?

DID THE TRIAL COURT ERR IN CONVICTING [APPELLANT] OF MAKING TERRORISTIC THREATS AGAINST [VICTIM] IN SPITE OF THE WEIGHT OF THE EVIDENCE, WHERE THE EVIDENCE REVEALED THAT [APPELLANT] NEVER ADVANCED TOWARD [VICTIM] AND LEFT THE STORE IMMEDIATELY AFTER UTTERING THE OBSCENE LANGUAGE?

DID THE TRIAL COURT ABUSE ITS DISCRETION IN SENTENCING [APPELLANT] TO A TERM OF PROBATION THAT WAS MANIFESTLY EXCESSIVE AND WITHOUT CONSIDERATION OF THE SENTENCING GUIDELINES AND STATUTORY FACTORS OF 42 PA.C.S. § 9721(B) AND 9781(D)?

(Appellant's Brief at 3).

In his first issue, Appellant argues he did not advance toward Victim during their "verbal altercation." Appellant asserts he left the store immediately after uttering the obscene statements. Appellant emphasizes that a pharmacy counter physically separated Appellant from Victim. Appellant maintains he did not possess a weapon during the incident. Aside from the actual utterance of Appellant's statements, Appellant contends the Commonwealth presented no evidence to show Appellant had the requisite intent to cause Victim terror. Appellant suggests his immediate departure from the store demonstrates that his statements were merely the result of transitory anger due to his inability to obtain his prescription medication, rather than a settled purpose to cause terror or carry out a crime of violence. Appellant concludes the Commonwealth failed to prove Appellant

- 4 -

had the necessary criminal intent, and this Court should reverse his conviction for terroristic threats and vacate his judgment of sentence.[2] We disagree.

When examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal*

_____

[2] Appellant also claims he did not make the statements at issue with "reckless disregard" of the risk of causing terror. **See** 18 Pa.C.S.A. § 2706(a)(3) (stating person commits terroristic threats if he communicates, either directly or indirectly, threat to otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of risk of causing such terror or inconvenience). The court did not convict Appellant under Section 2706(a)(3), so we give this contention no further attention.

*denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting ***Commonwealth v.***

***Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

The Crimes Code defines the offense of terroristic threats, in relevant

part, as follows:

> **§ 2706. Terroristic threats**
>
> **(a) Offense defined.**—A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
>
> > (1) commit any crime of violence with intent to terrorize another[.]
>
> *     *     *

18 Pa.C.S.A. § 2706(a)(1). "Neither the ability to carry out the threat nor a

belief by the person threatened that it will be carried out is an essential

element of the crime." ***Commonwealth v. Fenton***, 750 A.2d 863, 865

(Pa.Super. 2000) (internal citation and quotation marks omitted). "Rather,

the harm sought to be prevented by the statute is the psychological distress

that follows from an invasion of another's sense of personal security." ***Id.***

"The purpose of [Section 2706] is to impose criminal liability on

persons who make threats which seriously impair personal security or public

convenience. It is not intended by this section to penalize mere spur-of-the-

moment threats which result from anger." 18 Pa.C.S.A. § 2706, *Comment*.

Nevertheless, "[b]eing angry does not render a person incapable of forming

the intent to terrorize." ***Fenton, supra***. In evaluating intent, the court

must consider "the totality of the circumstances to determine whether the

threat was a result of a heated verbal exchange or confrontation." *In re J.H.*, 797 A.2d 260, 263 (Pa.Super. 2002) (affirming juvenile's adjudication of delinquency for terroristic threats where juvenile threatened his teacher that if she addressed juvenile's unruly behavior with juvenile's probation officer, "it would be the last thing she ever did"; rejecting juvenile's claim that statement was "spur-of-the-moment" threat which resulted from anger where juvenile did not make threat in context of heated verbal exchange or heated confrontation; rather, juvenile made threat in response to his teacher's advisory statement about consequences juvenile would face as result of his inappropriate behavior); *Commonwealth v. Tizer*, 684 A.2d 597 (Pa.Super. 1996) (explaining evidence was sufficient to sustain appellant's conviction for terroristic threats where appellant accused his brother of conspiring to prevent appellant from accessing appellant's trust fund and then threatened to kill his brother by stabbing him through heart with knife; appellant's statements were not made in "spur-of-the-moment" during heated exchange; victim had not threatened to hurt or harm appellant in any way and appellant's statements were not by-product of any argument).[3] *Compare Commonwealth v. Anneski*, 525 A.2d 373 (Pa.Super. 1987), *appeal denied*, 516 Pa. 621, 532 A.2d 19 (1987) (granting

_____

[3] After analyzing the appellant's sufficiency of the evidence complaint, the *Tizer* Court ultimately vacated the judgment of sentence and remanded for a reevaluation of the appellant's competency because the trial court had used the incorrect standard in its competency determination.

appellant new trial where weight of evidence did not support appellant's conviction for terroristic threats; appellant told her neighbor that if neighbor tried again to run over her kids at bus stop, appellant would bring over gun and use it; evidence disclosed that appellant spoke in anger, during heated argument, because she believed neighbor's automobile had struck her child while walking to bus stop along rural roadway and because appellant feared for future safety of her children; appellant's statement was "spur-of-the-moment" threat resulting from transitory anger prompted by neighbor's prior threat to hit appellant's children with her car if they continued to obstruct her vehicle's passage); *Commonwealth v. Kidd*, 442 A.2d 826 (Pa.Super. 1982) (reversing appellant's conviction for terroristic threats where record contained insufficient evidence that appellant intended to place officers in state of fear that agitates body and mind; appellant made obscene statements to police officers following his arrest for public drunkenness, while he was being treated in emergency room for cuts caused by falling down; appellant shouted he was going to use machine guns to kill arresting officers if given opportunity to do so; appellant's hands were handcuffed behind his back when he made statement; appellant was obviously inebriated and in agitated and angry state of mind when he made threats; appellant's conduct expressed transitory anger rather than settled purpose to carry out threat or to terrorize).

Instantly, the trial court analyzed Appellant's sufficiency challenge as

follows:

> Terroristic threat[s] has a few elements. First, the defendant communicated a threat either directly or indirectly. [Appellant] told the nighttime pharmacist at the CVS store in North Oakland that "he was going to come behind the counter and slit her fucking throat." The second element is that the threat was to commit a crime of violence. Cutting one's throat is a crime of violence. The final element is the intent part of the crime. The accused must [act] with the intent to terrorize another. The circumstances show this was done. The reaction of the pharmacist was very telling. She was afraid the threat would be carried out. Contributing to her fear was the time of night, the location, [Appellant] came looking for prescribed drugs, she didn't have any of those pills, and the counter height was low and could have been an easy hurdle for [Appellant] to jump over. The totality of the circumstances withstand the sufficiency argument being advanced.

(Trial Court Opinion, filed June 9, 2015, at 2) (internal citations omitted).

We see no reason to disrupt the court's determination as fact-finder. *See Hansley, supra*. Appellant walked into a CVS, approached Victim with a prescription, and began yelling obscenities at Victim when he learned the pharmacy did not have his medication in stock. When Victim asked Appellant to leave the store, Appellant threatened her. Appellant and Victim had not been involved in a confrontation prior to Appellant's threat. Victim had not harmed or threatened to harm Appellant in any way; she merely informed Appellant she could not fill his prescription. Thus, the record shows Appellant's threat was not a "spur-of-the-moment" statement made during, or as the by-product of, a heated discussion. *See* 18 Pa.C.S.A. § 2706(a)(1); *In re J.H., supra*; *Tizer, supra*. *Compare Anneski, supra*;

***Kidd, supra***. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's conviction for terroristic threats.[4] ***See Hansley, supra***.

In his second issue, Appellant argues the court afforded too much weight to Victim's testimony that she feared Appellant might carry out his threat. Appellant contends Victim's fear is irrelevant to a determination of whether Appellant possessed the requisite intent to terrorize. Appellant insists the trial court substituted Victim's fear for the intent element of the crime. Aside from the actual threat made, Appellant claims the Commonwealth presented no evidence that Appellant intended to cause Victim terror. Appellant maintains the court failed to afford appropriate weight to the facts that (1) Appellant did not advance toward Victim during the incident; (2) Appellant left the premises immediately after making the statements; (3) there was a counter physically separating Appellant and Victim; and (4) Appellant did not possess a weapon. Appellant further contends the court placed too much weight on the actual obscene language used. Appellant complains the court effectively equated his utterance with a specific intent to cause terror. Appellant submits the court also improperly

_____

[4] The record also belies Appellant's contention that he immediately left the store after threatening Victim. Victim testified Appellant lingered between the drop-off/pick-up counters before exiting, and Victim feared Appellant might carry out his threat during that time. The court found Victim's testimony credible.

commented on Appellant's physical appearance when rendering its verdict. Appellant concludes the court's terroristic threats verdict was against the weight of the evidence, and this Court must grant him a new trial.[5] We cannot agree.

Initially, we observe:

> [G]enerally…issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." **Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." **Id.** The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

**Hansley, supra** at 415 (some internal citations omitted). **See also**

**Commonwealth v. Seibert**, 799 A.2d 54, 62 (Pa.Super. 2002) (holding

_____

[5] Appellant also avers the court abused its discretion by "borrowing concepts" from the crime of harassment when the court commented at the conclusion of the evidence: "I mean, what purpose does [Appellant's statement] serve? What could [Victim] have done that would be a legitimate solicitation of that response from someone?" (N.T. Trial, 3/25/15, at 23). Appellant alleges the court misapplied the law by using language from the harassment statute to convict Appellant of terroristic threats. Initially, Appellant's complaint is not a proper challenge to the weight of the evidence. Additionally, Appellant isolates the court's remarks from proper context. Nothing in the record substantiates Appellant's contention that the court used the elements of the harassment statute to convict Appellant of terroristic threats. Consequently, this claim warrants no further attention.

appellant waived challenge to weight of evidence where his Rule 1925(b) statement was too vague to permit review of that complaint; on appeal, appellant raised six specific reasons alleging why verdict was against weight of evidence; however, in his Rule 1925(b) statement, Appellant merely stated: "the verdict of the jury was against the weight of the credible evidence as to all of the charges").

Instantly, Appellant presented his challenge to the weight of the evidence in his post-sentence motion and in his Rule 1925(b) statement as follows: "[Appellant] asserts that the [c]ourt's verdict regarding the terroristic threats charge was against the weight of the evidence." (Appellant's Post-Sentence Motion, filed March 30, 2015, at 2); (Appellant's Rule 1925(b) Statement, filed May 19, 2015, at 3). In reviewing Appellant's weight claim, the trial court explained:

> The weight of [the evidence claim] is waived. [Appellant's concise statement] repeated the one sentence argument mentioned in his [post-sentence motion]. While it is true that attacks on evidence's weight must be brought to the trial court's attention, much more is needed than what [Appellant] has put forth. A weight claim entails a balancing. It is incumbent upon the losing party to explain how the balancing act used by this [c]ourt was so out-of-whack with reason that one's sense of justice is offended. [Appellant] did not comply with this most rudimentary aspect of preserving a weight challenge.

(Trial Court Opinion at 2). We accept the trial court's waiver analysis. Appellant's weight of the evidence challenge as presented in his post-sentence motion and Rule 1925(b) statement was too vague for the trial

court to identify and address the precise claims Appellant now raises on appeal. Thus, Appellant's second issue is waived. **See Hansley, supra**; **Seibert, supra**.

Moreover:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." **Commonwealth v. Rivera**, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Here, the trial court sat as fact-finder and was free to accept as credible Victim's testimony concerning her encounter with Appellant, and to determine how much weight to afford the evidence presented. **See Champney, supra**. We see no reason to disturb the court's denial of relief

on Appellant's weight claim. *See Rivera, supra*; *Champney, supra*.

Thus, even if Appellant had properly preserved his weight claim, it would

merit no relief.

In his third issue, Appellant argues the court's imposition of a five-year

probationary sentence was manifestly excessive. Appellant contends the

sentencing guidelines called for a standard range sentence of six to sixteen

months' imprisonment, with nineteen months in the aggravated range.

Appellant insists the court's imposition of the statutory maximum term of

five years' probation represents a forty-one month increase from the

aggravated range of the guidelines.[6] Appellant maintains the court imposed

the statutory maximum term of probation solely due to the impact on

Victim. Appellant complains the court failed to consider the relevant

statutory sentencing factors, and the imposition of a sentence outside of the

guidelines was "clearly unreasonable" in violation of 42 Pa.C.S.A. §

9781(c)(3). As presented, Appellant's claims implicate the discretionary

aspects of sentencing. *See Commonwealth v. Feucht*, 955 A.2d 377

(Pa.Super. 2008), *appeal denied*, 600 Pa. 728, 963 A.2d 467 (2008)

(explaining claim that court imposed unreasonable sentence outside of

_____

[6] Appellant misunderstands the sentencing guidelines, which do not apply to sentences of probation. *See* 204 Pa. Code § 303.9(e) (stating all numbers in sentencing guidelines suggest months of minimum **confinement** pursuant to Section 9755(b) (partial confinement) and Section 9756(b) (total confinement)).

sentencing guidelines and violated Section 9781(c)(3) challenges discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013).

What constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a

colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. **Commonwealth v. Mouzon**, 571 Pa. 419, 430, 812 A.2d 617, 624 (2002). Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. **Id.** at 435, 812 A.2d at 627. Rather, a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." **Id.** Nevertheless, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (internal citation and quotation marks omitted). **See also Commonwealth v. Berry**, 785 A.2d 994 (Pa.Super. 2001) (explaining allegation that sentencing court failed to consider specific mitigating factor

generally does not raise substantial question; claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

Instantly, Appellant timely filed a post-sentence motion on March 30, 2015, challenging the discretionary aspects of his sentence. Nevertheless, Appellant raised a different sentencing complaint in his post-sentence motion than he presents on appeal. Specifically, Appellant phrased his sentencing claim in his post-sentence motion as follows: "Appellant respectfully asks that this Honorable [c]ourt reconsider the sentence imposed on March 25, 2015, as [Appellant] asserts that the term of probation…does not reflect his amenability to rehabilitation and the mitigating evidence presented at the sentencing hearing." (Appellant's Post-Sentence Motion at 2). Significantly, Appellant's post-sentence motion did not mention the sentencing claims he now raises on appeal (*i.e.*, the court imposed an unreasonable sentence outside of the guidelines in violation of Section 9781(c)(3)). Thus, Appellant's third issue on appeal is waived. **See Griffin, supra**.

Moreover, the claim Appellant preserved in his post-sentence motion (that the court failed to consider mitigating evidence and Appellant's amenability to rehabilitation) does not raise a substantial question for our review. **See Cruz-Centeno, supra**; **Berry, supra**. Furthermore, defense counsel informed the court at sentencing about Appellant's health issues and requested a sentence other than jail time so that Appellant could continue with his health treatment. The court granted Appellant's request by

imposing only a probationary sentence. Therefore, even if Appellant had pursued on appeal the same issue he preserved in his post-sentence motion, it would merit no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2015