409 A.2d 888

COMMONWEALTH of Pennsylvania

v.

Daniel C. SULLIVAN, Appellant.

Superior Court of Pennsylvania.

Argued March 12, 1979.

Filed Sept. 7, 1979.

Petition for Allowance of Appeal Denied Nov. 26, 1979.

Thomas B. Schmidt, III, Harrisburg, for appellant.

Samuel E. Teeter, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was convicted of two counts of terroristic threats.[1] We conclude that the evidence is insufficient to sustain the convictions.

Reviewed in the light most favorable to the Commonwealth, *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976) the facts may be summarized as follows: With regard to the first count, on November 18, 1976, appellant telephoned a State Police Barracks, informed the trooper who answered that his father had earlier that day been assaulted by one Bernard V. Miller, Sheriff of Adams County, and demanded that a state police officer be sent at once to his home. A trooper was thereupon dispatched to investigate. Before he arrived at appellant's home, appellant telephoned the barracks again and, referring to Sheriff Miller, said, "If you don't want to send anybody down here, I have a .30–30 rifle and I'll come up there and blow that son of a bitch's head off." The first trooper testified on direct examination that appellant had been "very angry and not rational" during the first telephone call, and agreed, on cross-examination that appellant had been "upset" and "angrier on the second occasion than on the first . . . ." This testimony was not only uncontradicted, but also appellant admitted that he had made the second call because he was angry and upset at the fact that the state trooper had not yet arrived. The state police then told the Sheriff that appellant had made a telephone threat on his life.

---

1. 18 Pa.C.S. § 2706. This section was held unconstitutional in *Commonwealth v. Howell*, 1 D. & C.3d 644 (1976), but the Commonwealth did not appeal that decision; we are not bound thereby. We cannot address this issue in the instant case since it was never raised by the parties. *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

The incident on which the second count was based occurred the following morning, when appellant and Sheriff Miller encountered each other on a Gettysburg street, a meeting which neither had anticipated. A loud shouting match ensued, in the course of which appellant again threatened to kill the Sheriff.[2]

Section 2706 provides, in relevant part:

A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another . . . .

18 Pa.C.S. § 2706. Appellant did indeed threaten to commit a crime of violence, but the evidence does not show that appellant possessed the requisite "intent to terrorize" the sheriff.

The instant case does not involve the sort of conduct that the Legislature intended, by means of section 2706, to deter and punish. The Pennsylvania Joint State Government Commission's Comment on this section states, in part, that "[t]he purpose . . . is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." The official Comment on section 211.3 of the Model Penal Code,[3] which section is substantially identical to Pennsylvania Crimes Code section 2706, above, states:

This section is directed against those who employ threats in circumstances more serious than would be covered by petty offenses like disorderly conduct or breach of the peace. . . . In drafting legislation penalizing threats, we would not wish to authorize grave sanctions against the kind of verbal threat which expresses transito-

---

**2.** Appellant's testimony as to the content of the heated exchange was otherwise, but we decide issues of sufficiency of evidence by examining it in the light most favorable to the verdict-winner. *Commonwealth v. Ilgenfritz*, supra.

**3.** Model Penal Code § 211.3 (T.D.No. 11).

ry anger rather than settled purpose to carry out the threat or to terrorize the other person.

Model Penal Code § 211.3 (T.D.No. 11 at 8–9).

The evidence shows that appellant uttered the telephone threat in what was, to say the least, an agitated and angry state of mind. There is no evidence to show that appellant had any intention of carrying out the threat. Appellant's second threat was the emotional product of a chance meeting with the Sheriff the following morning which had quickly become what both men described as a "mouth battle." There is likewise no evidence that this threat was made with any intention of carrying it out.

We note that section 2706 had no antecedent in Pennsylvania law. However, "[i]n Texas, the threat . . . must be "seriously made" and not "merely idle" with no intention of executing the same." Model Penal Code § 211.3, *comment* (T.D.No. 11 at 8–9). A number of jurisdictions have held, and we agree, that the threat must be uttered with the purpose of terrorizing another, and that "terrorize" means to cause extreme fear by use of violence or threats. *See State v. Gunzelman*, 210 Kan. 481, 502 P.2d 705; *State v. Schweppe*, 306 Minn. 395, 237 N.W.2d 609; *see also Baxter v. Ellington*, 318 F.Supp. 1079 (E.D.Tenn.1970), *and Armstrong v. Ellington*, 312 F.Supp. 1119 (E.D.Tenn. 1970) (Tennessee statute prohibited certain acts done for the purpose of terrorizing). *See generally Annot.*, 53 A.L.R.3d 553 (1974). These principles should be applied to the Pennsylvania statute as well, in light of the purpose thereof as expressed in the official Comment. Analyzing the instant case accordingly, we conclude that the record of the case contains no evidence that appellant, by his acts, intended to put the Sheriff into a state of "extreme fear or fear that agitates body and mind[,]" 312 F.Supp. at 1126, and thus did not possess the "intent to terrorize" required for conviction under section 2706.

Judgment of sentence vacated and appellant discharged.

VAN der VOORT, J., dissents.