442 A.2d 826

COMMONWEALTH of Pennsylvania

v.

Donald M. KIDD, Appellant.

Superior Court of Pennsylvania.

Submitted May 20, 1981.

Filed March 12, 1982.

394

John J. Morgan, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before HESTER, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from appellant's conviction by a jury of disorderly conduct and terroristic threats, and his concurrent sentences of six (6) months to one (1) year, and two (2) to five (5) years imprisonment respectively.

Appellant sets forth two assignments of error herein: (1) the lower court erred in not granting a demurrer to the Commonwealth's case as the prosecution failed to establish the elements of either of the charged offenses; and, (2) the lower court erred in not finding that the Commonwealth had not proven intent to commit either of the offenses. As both assignments of error rely on a sufficiency of the evidence argument, we will analyze them in that light.

Disorderly conduct is defined in 18 Pa.C.S. § 5503(a) as follows:

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in tumultuous behavior;

(2) makes unreasonable noise;

(3) uses obscene language, or makes an obscene gesture; or

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

■ Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Isaacman*, 269 Pa.Super. 263, 409 A.2d 880 (1979), we are satisfied that there was sufficient evidence for the jury to find the requisite elements, including intent, to support their verdict. Our finding is buttressed by the fact that the intent requirement may be met by a showing of a reckless disregard of the risk of public inconvenience, even if appellant's principle intent was to insult the police rather than to cause public inconven-

ience or annoyance. *Commonwealth v. Hughes,* 270 Pa.Super. 108, 410 A.2d 1272 (1979). We, therefore, affirm the judgment of sentence as to disorderly conduct.

■ Appellant's arguments as they relate to the offense of terroristic threats appear to be more meritorious, however. Section 2706 of the Crimes Code defines terroristic threats as a threat

" . . . to commit any crime of violence with intent to terrorize another or . . . otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience."

Even in viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Isaacman,* supra, it is difficult to find the requisite element of actual intent to terrorize or reckless disregard of the risk of causing such terror. The facts are as follows:

In response to a telephone call from a local tavern, two Butler City police officers arrested appellant for public drunkenness[1] outside of the tavern. As he was exiting the police car at the county jail, appellant fell in the street receiving a cut above his eye. The officers then took appellant to the local hospital for treatment. Prior to and during the time he was in Butler County Memorial Hospital's emergency room, appellant repeatedly shouted obscenities and generally screamed and shouted at the officers. While in the emergency room, appellant told the police he was going to kill them, machine gun them, if given a chance. During most of this time, appellant's hands were handcuffed behind his back. Emergency room personnel, as well as the police officers, testified to appellant's behavior. The emergency room personnel interpreted appellant's emotional state as one of anger.

■ It is true that the present ability to inflict harm is not required as an element of this offense. *See, Commonwealth v. Holguin,* 254 Pa.Super. 295, 385 A.2d 1346 (1978); and,

---

1. Appellant was found guilty of the summary offense of public drunkenness by the Honorable George P. Kiester who presided over appellant's trial. Appellant testified that he had a few shots of liquor and a couple dozen beers while in the tavern.

*Commonwealth v. Ashford,* 268 Pa.Super. 225, 407 A.2d 1328 (1979). However, the Pennsylvania Joint State Government Commission's Comment on 18 Pa.C.S. § 2706 states that its ". . . purpose is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended . . . to penalize mere spur-of-the-moment threats which result from anger."

In viewing the facts and circumstances under which appellant's threats were made, *Commonwealth v. White,* 232 Pa.Super. 176, 335 A.2d 436 (1975), we conclude that the record contains insufficient evidence that appellant, by his acts, intended to place the officers in a state of fear that agitates body and mind. *See, Commonwealth v. Sullivan,* 269 Pa.Super. 279, 409 A.2d 888 (1979). Appellant was obviously inebriated and in an agitated and angry state of mind. The record evinces that his conduct expressed transitory anger rather than a settled purpose to carry out the threat or to terrorize the other person. His acts did not involve the sort of conduct that the Legislature intended to deter and punish by promulgation of section 2706 of the Crimes Code.

Accordingly, judgment of sentence as to the charge of disorderly conduct affirmed; judgment of sentence as to the charge of terroristic threats vacated.