J-A05012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA MOORE, | |
| Appellant | No. 3118 EDA 2014 |

Appeal from the Judgment of Sentence of October 31, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002456-2014

BEFORE:  OLSON AND OTT, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                          **FILED MAY 04, 2016**

Appellant, Lisa Moore, appeals from the judgment of sentence entered

on October 31, 2014.  We affirm.

The trial court made the following factual findings:

This case arises out of a domestic dispute between [Appellant] and her husband ("Complainant").  On February 16, 2014, at approximately 11:30 p.m., Complainant was home alone when [Appellant] returned to the marital home in Philadelphia. Complainant was [70] years old and [Appellant] was [50 years old].   [Appellant] and Complainant met in 1993 and were married in 2007. [Appellant]'s daughter [had returned home with her mother and] was in the home and witnessed part of the incident between [Appellant] and Complainant.

Complainant was in his home office when [Appellant] entered. [Appellant] asked Complainant for money and they argued. Complainant testified that [Appellant] got upset and irate and [] said [Complainant] was abusing her.  [Complainant also testified that s]he just lost it.  When Complainant did not give her any money, [Appellant] pulled down the back of Complainant's swivel chair causing him to fall to the floor. [Appellant] hit Complainant

* Former Justice specially assigned to the Superior Court

and then kicked him three to five times about the left knee, thigh[,] and kidney area causing bruising and swelling. Complainant got up and held [Appellant] in an attempt to stave off her attack. In this position, [Appellant] bit Complainant on the right forearm, which left bruising and a scar.

After Complainant told [Appellant] to calm down, [Appellant] threatened Complainant by saying: somebody's going to die tonight, and that [Complainant] wasn't going to sleep.

Trial Court Opinion, 6/11/15, at 2-3 (internal alteration, quotation marks, and citations omitted).

The procedural history of this case is as follows. On March 31, 2014, Appellant was charged via criminal information with aggravated assault,[1] criminal mischief,[2] making terroristic threats,[3] simple assault,[4] and recklessly endangering another person.[5] On May 20, 2014, the trial court quashed the aggravated assault charge. On August 8, 2014, Appellant proceeded to a bench trial. The trial court granted Appellant's motion for judgment of acquittal on the recklessly endangering another person charge. That same day, the trial court found Appellant guilty of simple assault and making terroristic threats and not guilty of criminal mischief. On October 31, 2014,

---

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 3304(a)(5).

[3] 18 Pa.C.S.A. § 2706(a)(1).

[4] 18 Pa.C.S.A. § 2701(a).

[5] 18 Pa.C.S.A. § 2705.

the trial court sentenced Appellant to an aggregate term of two years' probation. This timely appeal followed.[6]

Appellant presents two issues for our review:

1. Did [] the [trial] court err in curtailing defense counsel's development of the claims, through cross-examination of [Complainant]. . . ?

2. Was [] the evidence insufficient to support [A]ppellant's conviction for [making] terroristic threats . . . insofar as the Commonwealth failed to show that [A]ppellant had a settled intent to terrorize [Complainant]?

Appellant's Brief at 3.

In her first issue, Appellant argues that the trial court erred by limiting her cross-examination of Complainant. "Cross-examination of a witness other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility; however, the court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Pa.R.Evid. 611(b). Furthermore, "proof of bias is almost always relevant" as it goes to a witness' credibility. *Commonwealth v. Rouse*, 782 A.2d 1041, 1045 (Pa. Super. 2001) (internal quotation marks and citation omitted). "The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of

---

[6] On November 10, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On December 1, 2014, Appellant filed her concise statement. On June 11, 2015, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal were included in Appellant's concise statement.

that discretion." ***Commonwealth v. Ballard***, 80 A.3d 380, 394 (Pa. 2013) (internal quotation marks and citation omitted). Limitation of the scope of cross-examination is proper where defense counsel "was able to elicit the information that [s]he sought to reveal during cross-examination[.]" ***Commonwealth v. Mobley***, 622 A.2d 972, 975 (Pa. Super. 1993).

Appellant first argues that the trial court erred by sustaining the Commonwealth's objection when defense counsel asked Complainant, "the divorce paperwork was initiated the previous year in 2013; correct?" N.T., 8/8/14, at 30. Appellant argues that this inquiry into Appellant and Complainant's divorce went to Complainant's bias in this matter. Appellant's counsel, however, was able to elicit the information that she sought in prior cross-examination of Complainant. Specifically, the seven prior questions that defense counsel asked, and Complainant answered, related to the divorce. For example, defense counsel asked "the money issue became very important especially since you guys were in the process of divorce, is that true?" ***Id.*** at 29. Defense counsel later asked "once the divorce was done you no longer wanted to provide [financial support], is that fair to say?" ***Id.*** at 30. It was only after seven questions relating to the couple's divorce that the Commonwealth objected. The trial court, in sustaining the objection, stated "I think you've established what you need to establish." ***Id.*** Appellant even notes in her brief before this Court that she was able to elicit testimony regarding the pending divorce and how that could bias

- 4 -

Complainant. **See** Appellant's Brief at 11, *citing* N.T., 8/8/14, at 30. Accordingly, we ascertain no abuse of discretion in limiting Appellant's cross-examination on this line of questioning as her counsel was able to show Complainant's potential bias relating to the pending divorce.

Appellant next argues that the trial court erred by sustaining the Commonwealth's objection when defense counsel asked Complainant if he "refused to buy any food in the house at all for [Appellant]; correct?" N.T., 8/8/14, at 39. Appellant argues that this "would have illuminated the contentious nature of the relationship between [Complainant and Appellant]." Appellant's Brief at 12. Again, however, Appellant's counsel was permitted to elicit testimony from Complainant regarding the contentious nature of the relationship. **See** N.T., 8/8/14, at 39 ("[Y]ou changed the locks [on the marital residence]?"); *id.* at 29 (question regarding money being "an ongoing battle" between Complainant and Appellant); *id.* at 30 (question regarding Complainant no longer wanting to financially provide for Appellant). The question regarding whether Complainant refused to buy any food for Appellant was cumulative in nature and the contentious nature of Complainant's relationship with Appellant was already explored. Thus, we ascertain no abuse of discretion by the trial court in limiting further questioning on the subject.

Finally, Appellant argues that the trial court erred in sustaining the Commonwealth's objection when defense counsel stated: "Okay. You were

also treated before I guess it was the end of 2013, and you were diagnosed with having some diminished capacity[.]" N.T., 8/8/14, at 37. The Commonwealth did not specify its objection, the trial court did not explain why it sustained the objection, and Appellant did not ask what the basis for sustaining the objection was. Thus, as long as the trial court could have sustained the objection on any ground, it did not abuse its discretion. As is evident by defense counsel's statement, it was not a question. The trial court could have properly sustained the objection on this ground. Thus, we find no abuse of discretion in the trial court's sustaining the objection. Accordingly, we conclude that Appellant is not entitled to relief on her first issue as the trial court did not abuse its discretion in sustaining the three Commonwealth objections.

In her second issue, Appellant argues that the evidence was insufficient to find her guilty of making terroristic threats. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Tejada**, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted). "When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.]"

*Commonwealth v. Haney*, 131 A.3d 24, 33 (Pa. 2015) (citation omitted).

"The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Coleman*, 130 A.3d 38, 41 (Pa. Super. 2015) (internal quotation marks and citation omitted).

"The elements necessary to establish a violation of the terroristic threats statute are: (1) a threat to commit a crime of violence; and (2) that the threat was communicated with the intent to terrorize or with reckless disregard of the risk of causing such terror." *Commonwealth v. Vergilio*, 103 A.3d 831, 833 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015) (internal alterations and citation omitted). Appellant only challenges the sufficiency of the evidence related to the second element, *i.e.*, she argues that the Commonwealth failed to prove that she had the requisite *mens rea*.

"The purpose of [section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." 18 Pa.C.S.A. § 2706 cmt. As this Court has stated, "the real issue [i]s whether the Commonwealth presented sufficient evidence to establish the required *mens rea*, not whether [Appellant] made the statements in the context of a heated discussion. Being angry does not render a person incapable of forming the intent to

terrorize." ***Commonwealth v. Walker***, 836 A.2d 999, 1001 (Pa. Super. 2003), *appeal denied*, 853 A.2d 361 (Pa. 2004) (internal quotation marks and citation omitted). We must consider the totality of circumstances to determine if Appellant had the necessary *mens rea*. ***See Commonwealth v. Reynolds***, 835 A.2d 720, 730 (Pa. Super. 2003) (internal alteration, quotation marks, and citation omitted).

Appellant analogizes the case at bar to ***Commonwealth v. Anneski***, 525 A.2d 373 (Pa. Super. 1987), *appeal denied*, 532 A.2d 19 (Pa. 1987). ***Anneski***, however, supports the Commonwealth's position that there was sufficient evidence to find Appellant guilty of making terroristic threats. "[D]uring an argument with a neighbor, Anneski had told her neighbor if the neighbor 'tried to run over her kids anymore at the bus stop' she, Anneski, would bring a gun and use it." ***Anneski***, 525 A.2d at 374. On appeal, this Court held that the evidence was sufficient to find Appellant guilty of making terroristic threats. ***Id.*** at 375. Nonetheless, this Court found that the verdict was against the weight of the evidence. ***Id.*** at 375-377. In this case, Appellant only argues that the evidence was insufficient to find him guilty of making terroristic threats, not that the verdict was against the weight of the evidence. Thus, even assuming *arguendo* that this case is similar to ***Anneski***, the evidence was legally sufficient to find Appellant guilty of making terroristic threats.

Appellant also relies upon ***Commonwealth v. Kidd***, 442 A.2d 826 (Pa. Super. 1982), in support of her argument that the evidence was insufficient to find her guilty of making terroristic threats. In ***Kidd***, the defendant was arrested for public drunkenness. ***Id.*** at 827. While being treated in the emergency room, the defendant told police officers that he was going to murder them with machine guns. ***Id.*** The defendant was convicted of making terroristic threats for this comment; however, this Court reversed and found that the evidence was insufficient to find him guilty of making terroristic threats. This Court found that the defendant's threats in ***Kidd*** were a result of his anger and were not done to terrorize the police officers. In making this determination, this Court relied upon the fact that the defendant's hands were handcuffed behind his back and that he was obviously inebriated. Although this Court noted that these factors alone did not immunize the defendant from the making terroristic threats charge, this Court concluded that the totality of the circumstances proved that the defendant acted with transitory anger and not a settled purpose to terrorize. ***Id.***

This case is distinguishable from ***Kidd***. First, there was no evidence that Appellant was inebriated. Second, Appellant had the capability of murdering Complainant when she made the threat. She was in the process of assaulting Complainant, there were multiple firearms in the residence, and there were no police officers nearby. Finally, and most importantly,

Appellant's threat was not made solely **as a result** of transitory anger. As alleged as part of Appellant's first issue, the relationship between Appellant and Complainant was contentious, and had been so for some time. In addition, the evidence at trial showed that Appellant was indeed angry when she threatened Complainant. Viewed in the light most favorable to the Commonwealth, Appellant made the threat in an attempt to terrorize Complainant and to convince him to relent in her ongoing struggle to secure the money that she was seeking. As noted above, merely because a defendant is angry does not mean that she cannot make a terroristic threat. *Walker*, 836 A.2d at 1001. Here, the Commonwealth came forward with evidence of a settled purpose to terrorize Complainant, thus, Appellant is entitled to no relief on her sufficiency challenge.

Finally, Appellant relies upon **Commonwealth v. Sullivan**, 409 A.2d 888 (Pa. Super. 1979), in support of her sufficiency challenge. In **Sullivan**, the defendant called the state police and threatened to kill the local sheriff. *Id.* at 888-889. The next day, the defendant encountered the local sheriff on the street, and during a shouting match, Appellant threatened to kill the sheriff. *Id.* at 889. The defendant was convicted of two counts of making terroristic threats – one count for each incident. On appeal, this Court reversed and found that the evidence was insufficient to find Appellant guilty on either count. As to the first count, this Court held that the defendant did not intend to terrorize the local sheriff as he was incapable of carrying out

the threat. *See id.* As to the second count, this Court held that the threat was made as part of a chance argument on the public street and that the defendant did not have the settled purpose of terrorizing the local sheriff. *See id.* at 889-890.

The case at bar is distinguishable from **Sullivan**. As to the first count in **Sullivan**, that threat was not made to the local sheriff. Instead, it was made to a state police trooper who answered the phone at the local barracks. The Commonwealth's own evidence at trial supported the conclusion that the defendant made the threat during a time of transitory anger. As to the second count in **Sullivan**, the threat was made during a mutual, heated argument between the defendant and the local sheriff. When two parties mutually enter a confrontation, and that confrontation was not planned by the defendant, a threat made during the confrontation is often held by this Court to be a spur-of-the-moment threat uttered during a period of transitory anger and therefore insufficient to sustain a making terroristic threats conviction.

We do not find this to be the case here. Instead, Appellant burst in and demanded money from Complainant. The confrontation was planned by Appellant. Again, viewed in the light most favorable to the Commonwealth, the evidence supports a finding that Appellant made the threat to force Complainant to give her money. Purposeful terrorization of this nature is the

type of communication that section 2706(a)(1) was meant to cover. Thus, this case is distinguishable from **Sullivan**.

We find instructive this Court's decision in **Commonwealth v. Green**, 429 A.2d 1180 (Pa. Super. 1981). In **Green**, the record was

> replete with testimony of the defendant's threats to kill the victim and to blow his brains out with a gun. The record further indicates the terror of the victim and describes the defendant's demeanor as worse than a mad animal and like a wild animal. This evidence establishes that the defendant did indeed manifest the intent to terrorize the victim.

**Id.** at 1183 (internal quotation marks omitted). Similar circumstances are present in the case at bar. Appellant admits to making the threat to kill Complainant. The record reflects that Complainant was terrorized by Appellant's threat as he called police after she made the threat – because he feared for his safety. Furthermore, Appellant was very angry wile threatening Complainant, just as the defendant in **Green**. Since **Green**, this Court has held that similar circumstances were sufficient to sustain a conviction for making terroristic threats. **E.g., In re B.R.**, 732 A.2d 633, 637 (Pa. Super. 1999); **Commonwealth v. Kelley**, 664 A.2d 123, 128 (Pa. Super. 1995), *appeal denied*, 674 A.2d 1068 (Pa. 1996).

Viewing the circumstances surrounding Appellant's threat in the light most favorable to the Commonwealth, the evidence was sufficient to prove that Appellant intended to terrorize Complainant with her threat to kill him. The threat, although made while angry, was not made as a result of that anger nor was it during a period of transitory anger. Instead, Appellant

- 12 -

evinced a settled purpose to terrorize throughout the night, promising him that he "wasn't going to sleep." Accordingly, there was sufficient evidence to sustain Appellant's convictions. As the trial court also did not abuse its discretion by limiting Appellant's cross-examination of Complainant, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016