J-S17004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERICA WILLIAMS, | |
| Appellant | No. 1490 EDA 2015 |

Appeal from the Order of May 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0041104-2014

BEFORE: OLSON, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 21, 2017**

Appellant, Erica Williams, appeals from the order entered on May 8, 2015 denying her petition for a writ of *certiorari*. We affirm.

The factual background and procedural history of this case are as follows. On November 28, 2014, Appellant called Philadelphia Police Detective Timothy Mayer. She told Detective Mayer that she was receiving calls on her cellphone seeking a woman named Veronica. She stated that if the phone calls didn't stop she would obtain a gun permit, buy a gun, and kill Veronica. Detective Mayer told Appellant that Veronica was Veronica Mackin ("Mackin"), a witness in a criminal case in which Appellant was the victim.

On December 5, 2014, the Commonwealth charged Appellant via criminal complaint with making terroristic threats.[1]  On December 29, 2014, the Municipal Court of Philadelphia found Appellant guilty and immediately sentenced her to six months' probation.  On January 15, 2015, Appellant filed a petition for a writ of *certiorari* with the Court of Common Pleas of Philadelphia County.  She argued that the evidence presented at trial was insufficient to convict her of making terroristic threats.  On May 8, 2015, the Court of Common Pleas of Philadelphia County denied the petition.  This timely appeal followed.

On June 15, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  ***See*** Pa.R.A.P. 1925(b).  On July 6, 2015, Appellant filed her concise statement. On June 28, 2016, the trial court issued its Rule 1925(a) opinion.

Appellant presents one issue for our review:

Was not the evidence presented by the Commonwealth insufficient to prove terroristic threats where the Commonwealth presented no evidence that [A]ppellant communicated these threats to the intended recipient and [A]ppellant acted without the necessary *mens rea*?

Appellant's Brief at 3.

Preliminarily, we must consider whether Appellant preserved her sufficiency challenge.  "Issues not included in the [concise s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are

---

[1] 18 Pa.C.S.A. § 2706.

waived." Pa.R.A.P. 1925(b)(4)(vii). In her concise statement, Appellant only argued that the evidence was insufficient to prove the *mens rea* element of making terroristic threats. Concise Statement, 7/6/15, at 2. She did not argue that the evidence was insufficient to prove that she communicated the threat. Accordingly, Appellant waived her argument that she did not communicate the threat; however, she preserved her argument that she lacked the requisite *mens rea*.

Turning to the merits of the preserved portion of Appellant's sufficiency challenge, we note that "[w]hether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa. Super. 2016), *appeal denied*, 470 EAL 2016 (Pa. Feb. 23, 2017) (citation omitted). "In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." ***Commonwealth v. Ansell***, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Ford***, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

"The elements necessary to establish a violation of the terroristic threats statute are: (1) a threat to commit a crime of violence; and (2) that the threat was communicated with the intent to terrorize." ***Walls***, 144 A.3d at 936 (internal alteration and citation omitted).[2] "The purpose of [section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." 18 Pa.C.S.A. § 2706 cmt. As this Court has stated, "the real issue [i]s whether the Commonwealth presented sufficient evidence to establish the required *mens rea*, not whether [Appellant] made the statements in the context of a heated discussion. Being angry does not render a person incapable of forming the intent to terrorize." ***Commonwealth v. Walker***, 836 A.2d 999, 1001 (Pa. Super. 2003), *appeal denied*, 853 A.2d 361 (Pa. 2004) (internal quotation marks and citation omitted). We must consider the totality of circumstances to determine if Appellant had the necessary *mens rea*. ***See Commonwealth v. Reynolds***, 835 A.2d 720, 730 (Pa. Super. 2003) (citation omitted).

Appellant argues that her comments were spur-of-the-moment threats which resulted from transient anger. In support of this argument, she cites ***Commonwealth v. Anneski***, 525 A.2d 373 (Pa. Super. 1987), *appeal*

---

[2] Appellant argues that the evidence was insufficient to convict her under either section 2706(a)(1) or section 2706(a)(3). As Appellant was only convicted under section 2706(a)(1), Sentencing Order, 12/29/14, at 1, we confine our discussion to the elements of that offense.

*denied*, 532 A.2d 19 (Pa. 1987). Appellant's reliance on **Anneski** is misplaced as **Anneski** supports the Commonwealth's position that there was sufficient evidence to find Appellant guilty of making terroristic threats. "[D]uring an argument with a neighbor, Anneski had told her neighbor if the neighbor 'tried to run over her kids anymore at the bus stop' she, Anneski, would bring a gun and use it." *Id.* at 374. On appeal, this Court held that the evidence was sufficient to find Appellant guilty of making terroristic threats. *Id.* at 375. Nonetheless, this Court found that the verdict was against the weight of the evidence. *Id.* at 375-377. In this case, Appellant only argues that the evidence was insufficient to find her guilty of making terroristic threats, not that the verdict was against the weight of the evidence. Thus, even assuming *arguendo* that this case is similar to **Anneski**, the evidence was legally sufficient to find Appellant guilty of making terroristic threats.

Appellant also cites **Commonwealth v. Kidd**, 442 A.2d 826 (Pa. Super. 1982) and **Commonwealth v. Sullivan**, 409 A.2d 888 (Pa. Super. 1979) in support of her sufficiency challenge. These two cases, however, are distinguishable from the case *sub judice*. In **Sullivan**, the defendant called the state police and threatened to kill the local sheriff because of an alleged assault that occurred that morning. *Id.* at 888–889. The defendant was convicted of making terroristic threats. On appeal, this Court reversed and found that the evidence was insufficient to find Appellant guilty.

In *Kidd*, the defendant was arrested for public drunkenness. *Kidd*, 442 A.2d at 827. While being treated in the emergency room, the defendant told police officers that he was going to murder them with machine guns. *Id.* The defendant was convicted of making terroristic threats for this comment; however, on appeal this Court held that the evidence was insufficient to find him guilty of making terroristic threats.

In both *Sullivan* and *Kidd* the defendants were angry about very recent events. In this case, Detective Mayer testified that he spoke to Appellant during the two weeks prior to the November 28, 2014 phone call. *See* N.T., 12/29/14, at 6-7. During these conversations, he told Appellant that Mackin was unwilling to cooperate in the investigation into the case in which Appellant was the victim. It was at the end of this two-week period that Appellant placed the November 28 phone call to Detective Mayer and threatened to kill Mackin. Thus, unlike in *Sullivan* and *Kidd*, where the defendants were angry about events that occurred minutes or hours earlier, in this case Appellant spent weeks pondering her reaction to the repeated phone calls seeking Mackin.

Instead, we find instructive this Court's decision in *Commonwealth v. Fenton*, 750 A.2d 863 (Pa. Super. 2000). In that case, Fenton had a "heated conversation with insurance adjuster Randy Leventry, in which he made death threats against, *inter alia*, Leventry, the staff of the Johnstown, Pennsylvania office of Erie Insurance Company, United States

Representative John Murtha[,] and his aide, John Hugya." ***United States v. Fenton***, 30 F.Supp.2d 520, 522 (W.D. Pa. 1998). Fenton was convicted of making terroristic threats. On appeal, he argued that the evidence was insufficient to prove that he had the requisite *mens rea*.

This Court rejected that argument and held that the evidence was sufficient to convict him of making terroristic threats. This Court explained that, "[t]he problems which led to the phone call occurred over several months; [Fenton] clearly spent a long time reflecting upon his frustrations, and his threats cannot be characterized as less than premeditated and deliberate." ***Fenton***, 750 A.2d at 865. Because of the premeditated and deliberate nature of Fenton's threats, this Court held that he had the requisite *mens rea* for making terroristic threats.

Although the time period at issue in the case *sub judice* was only two weeks – not months as in ***Fenton*** – the same principle applies. Appellant made a premediated and deliberate decision to call Detective Mayer and threaten to shoot Mackin. In other words, Appellant's comments were not a spur-of-the-moment threat caused by transient anger.

Finally, Appellant cites stipulated testimony that she has a reputation as a peaceful and law-abiding citizen in arguing that the evidence was insufficient to prove that she had the requisite *mens rea*. This argument fails because the factfinder was not required to believe this stipulated testimony. ***See Ford***, 141 A.3d at 552; ***Commonwealth v. Hall***, 830 A.2d

537, 542 (Pa. 2003). Accordingly, we conclude that the evidence was sufficient to prove that Appellant had the requisite *mens rea*. As such, the evidence was sufficient to convict her of making terroristic threats.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017