J-S80010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE THOMPSON | : | |
| | : | No. 3714 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence November 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000412-2016

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                         **FILED MAY 21, 2018**

Tyrone Thompson appeals from the judgment of sentence of eleven and one-half months to twenty-three months confinement followed by two years probation, which was imposed after he was convicted at a non-jury trial of simple assault, recklessly endangering another person ("REAP"), and terroristic threats.  After careful review, we affirm.

The relevant facts are as follows.  On October 31, 2015, at 9:30 p.m., Philadelphia Police Officer Ronald Green and his partner responded to a radio dispatch of a person screaming in a residence located on the 400 block of South 60th Street.  When the officers arrived at 445 South 60th Street, Shanice Gatewood opened the door without waiting for the officers to knock.  Before Officer Green could say anything, Ms. Gatewood, Appellant's girlfriend, frantically and repeatedly told him that Appellant had tried to hurl a table at

her and throw her down the stairs. Officer Green described Ms. Gatewood as excited, crying, and having a shaky voice. The officer also observed teeth indentations on the left side of her neck, a blotch on her left cheek, and an injured upper lip. It appeared to him that Ms. Gatewood had been choked and bitten. When Officer Green asked Ms. Gatewood where Appellant was located, she directed him upstairs. Officer Green took Appellant into custody and arranged for another officer to transport him to the 18th District Station.

Officer Green encountered Appellant later at the police station. As he was taking Appellant's biographical information, Appellant looked directly at him and threatened that he should keep his vest on, that he would "pop" him in the head, and that Officer Green's "children were going to be rolled on." N.T. Trial, 6/10/16, at 11-12. The officer did not respond, but he stated that he was "highly upset." *Id*. He arranged for another officer to complete processing.

Based on his conduct involving Ms. Gatewood, Appellant was charged with terroristic threats, aggravated and simple assault, and REAP. He also was charged with making terroristic threats against Officer Green. Following a non-jury trial at which Ms. Gatewood was unavailable to testify, the court found Appellant guilty of terroristic threats against the police officer, and

simple assault and REAP as to Ms. Gatewood.[1]  On November 4, 2016, the court imposed the aforementioned sentence.

Appellant filed a timely notice of appeal.  On December 6, 2016, the trial court ordered Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal, and he complied.[2]  The trial court permitted Appellant to file a supplemental concise statement following receipt of the notes of testimony.

Appellant raises two issues for our review:

I.    Was the evidence presented by the Commonwealth insufficient to prove terroristic threats, insofar as the Commonwealth failed to show that appellant had a settled intent to terrorize Officer Green?

II.   Did not the trial court err as a matter of law, abuse its discretion and deny [A]ppellant his federal and state constitutional rights to Due Process of Law and Right of Confrontation; where, a hearsay statement was allowed into evidence as an excited utterance, where such statement did not meet the requirements of an excited utterance, and where its admission denied [A]ppellant the fundamental right to cross-examine and confront Ms. Gatewood?

Appellant's brief at 4.

Appellant first challenges the sufficiency of the evidence supporting his conviction of terroristic threats against Officer Green.  When considering a

---

[1] Appellant was acquitted of aggravated assault, terroristic threats, and possession of an instrument of crime, offenses allegedly committed against Ms. Gatewood.

[2] Due to the retirement of the trial judge, no Rule 1925(a) opinion was filed.

challenge to the sufficiency of the evidence, our standard of review requires us to determine "whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offenses beyond a reasonable doubt." *Commonwealth v. Martinez*, 153 A.3d 1025, 1028 (Pa.Super. 2016). In conducting such a review, "the entire record must be evaluated and all evidence actually received must be considered." *Commonwealth v. Brown*, 52 A.3d 320, 323 (Pa.Super. 2012). The Commonwealth can meet this burden by "wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*).

A person is guilty of the crime of terroristic threats "if the person communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with the intent to terrorize another." 18 Pa.C.S. § 2706(a)(1). Whether a threat actually would be carried out is irrelevant, and an "express or specific threat is not necessary to sustain a conviction for terroristic threats." *Martinez*, *supra* at 1028. Furthermore, although spur-of-the-moment threats produced in anger do not satisfy the intent element, being angry "does not render a person incapable of forming the intent to terrorize." *Commonwealth v. Fenton*, 750 A.2d 863, 865 (Pa.Super. 2000).

Appellant claims that the Commonwealth failed to prove that he had a settled intent to terrorize Officer Green. He contends that, since Officer Green observed that he was intoxicated, agitated, and angry, and because another officer finished processing Appellant without incident, the threats were merely the product of transitory anger. Appellant directs our attention to the official comments to § 2706 of the Penal Code, which define terroristic threats, and which clarify that the offense was "not intended . . . to penalize mere spur-of-the-moment threats which result from anger." *Commonwealth v. Anneski*, 525 A.2d 373, 376 (Pa.Super. 1987). Moreover, Appellant asserts that the purpose of this statute is to "impose criminal liability on persons who make threats which seriously impair personal security or public convenience." *Commonwealth v. Kidd*, 442 A.2d 826, 827 (Pa.Super. 1982). He maintains that was not the case herein.

In support of his position, Appellant relies upon *Commonwealth v. Sullivan*, 409 A.2d 888, 890 (Pa.Super. 1979). In that case, the defendant told an officer on the telephone that he would shoot the sheriff for failing to come to his house. The next day, upon meeting the sheriff on the street, the defendant and the sheriff engaged in a heated argument during which he threatened to kill the sheriff. *Id.* at 889. On these facts, we found insufficient evidence of intent to terrorize the sheriff.

Appellant also directs our attention to *Commonwealth v. Walls*, 144 A.3d 926, 930 (Pa.Super. 2016), where we held that the record did not support the defendant's conviction of terroristic threats. In that case, the

defendant angrily confronted an assistant district attorney, yelling that, "ADA Brown prosecuted him, and ultimately sent him to jail, for a crime he did not commit . . . [which] caused his grandmother's death."

Appellant's reliance on **Walls**, **supra** and **Sullivan**, **supra**, is misplaced in light of the record before us. Officer Green testified that the defendant was taken into custody and transported by another officer to the station for processing. Officer Green testified that he came into contact with Appellant there for purposes of taking his biographical information, and the following occurred.

> **A: [Officer Green]** . . . He started threatening me saying how I should keep my vest on, Your Honor. Saying he was going to settle this in the street, that I was going to be popped in the head . . .
>
> . . .
>
> Well, he said he was going to pop me in my head and started threatening my children saying my children were going to be rolled on.
>
> . . .
>
> **Q [Attorney for the Commonwealth]**: At any point did you respond to what he was saying?
>
> **A**: No, I did not respond, but I definitely was highly upset.

N.T. Trial, 6/10/16, at 11-12.

The facts herein bear some resemblance to those in **Commonwealth v. Bailey**, 655 A.2d 566, 566 (Pa.Super. 1995). In that case, we affirmed the trial court's finding of guilt of terroristic threats based upon verbal threats

- 6 -

the defendant made to jurors in a criminal case against him. While sitting on the steps outside the courthouse and looking directly at the jurors, Bailey stated, "In a month a lot of people are going to die because of your decision." *Id*. at 567. The jurors testified that they were placed in fear by his threats. *Id*. at 568. We found sufficient evidence to support the conviction for terroristic threats. Bailey's threat implied homicide, a crime of violence. It was directed at the jurors who were deciding his fate, and he used specific words such as "in a month" and "your decision," which we found evidenced the intent to terrorize. *Id*. We recognized therein that "even a single verbal threat might be made in such terms or circumstances to support the inference that the actor intended to terrorize or coerce." *Id*.

Herein, Appellant threatened serious bodily harm to Officer Green and his children. The threats were made while Appellant was in custody, and Officer Green was merely recording routine biographical information. Significant time had elapsed between Appellant's arrest by Officer Green and the interview at the station where the threats were uttered, and there was no heated confrontation or shouting as in **Sullivan**, **supra** and **Walls**, **supra**. Furthermore, contrary to Appellant's representation, there was no evidence that Appellant was intoxicated, agitated, or angry when he made the threats. According to the officer, Appellant looked him in the eye and threatened to kill him and his children.The evidence herein, when viewed in the light most favorable to the Commonwealth, is legally sufficient to support Appellant's conviction of terroristic threats.

Appellant's second issue is a challenge to the trial court's admission of Ms. Gatewood's statement to Officer Green. He contends that the statement did not fall within the excited utterance hearsay exception. Moreover, he argues that its admission violated his confrontation and due process rights.[3]

Our standard of review in evidentiary matters is whether the trial court abused its discretion. *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa.Super. 2002). An abuse of discretion is "more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id*.

Furthermore, evidentiary errors, including confrontation clause violations, are subject to the harmless error doctrine. *Commonwealth v. Young*, 748 A.2d 166 (Pa. 2000). Even if the trial court erred in admitting the evidence, reversal is warranted only if the court is convinced beyond a reasonable doubt that the error was not harmless. *Commonwealth v. Yockey*, 158 A.3d 1246, 1254 (Pa.Super. 2017) (citing *Commonwealth v. Chmiel*, 889 A.2d 501, 521 (Pa. 2005).

---

[3] [3] Appellant did not object at trial to the admission of the statement on due process grounds. *See* N.T. Trial, 6/10/16, at 15. In his Pa.R.A.P. 1925(b) concise statement, Appellant averred that the court violated his due process rights to confront witnesses against him under the federal and state constitutions when it admitted Ms. Gatewood's excited utterance. Appellant simply has a confrontation right to confront his accusers.

> Harmless error exists if the state proves either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Burno***, 154 A.3d 764, 787 (Pa. 2017) (quoting ***Commonwealth v. Simmons***, 662 A.2d 621, 633 (Pa. 1995)). Whether Appellant's confrontation rights were violated is a pure question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Brown***, 139 A.3d 208, 211 (Pa.Super. 2016); ***Commonwealth v. Yohe***, 79 A.3d 520, 530 (Pa. 2013).

The statement at issue was made by Ms. Gatewood to Officer Green. She met him at the door and told him excitedly "[t]hat [Appellant] attempted to throw a table at her and throw her down the stairs." N.T. Trial, 6/10/16, at 21. The officer testified that, "she basically kept repeating that over and over." ***Id***. We first examine whether the statement qualified as an excited utterance under the hearsay rule.

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Pa.R.E. 801(c). An excited utterance is a statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Pa.R.E. 803(2). An excited

utterance may be admitted as an exception to the prohibition against hearsay, regardless of whether the declarant is available as a witness. *Id*.

There are a number of factors we consider in determining whether a statement is an excited utterance. We examine whether "the statement was in narrative form, the elapsed time between the startling event and the declaration, whether the declarant had the opportunity to speak with others and whether, in fact, she did so." *Commonwealth v. Gray*, 867 A.2d 560, 570 (Pa.Super. 2005). These considerations provide the guarantees of trustworthiness. The only factor that is indispensable is the requirement that the declarant witness the exciting event. *Commonwealth v. Keys*, 814 A.2d 1256, 1258 (Pa.Super. 2003). We look at the totality of the circumstances in determining whether a statement is an excited utterance. *Id*.

In *Gray*, *supra*, the police officer testified that the declarant approached him outside and stated that she had been assaulted and the perpetrator was inside. *Id*. at 571. He described her demeanor as flustered and noted that she was crying. *Id*. In considering those factors, we noted that there was no bright-line rule as to the elapsed time between the experience and the declarant's statement. The critical question was "whether, at the time the statement is made, the nervous excitement continues to dominate while the reflective processes remain in abeyance." *Gray*, *supra* at 570-71 (quotations omitted). We found that the declarant made the statements near in both time and place to the alleged event, and that she

approached the officers outside her home, stating that she had just been assaulted. *Id*. at 565.

Appellant argues Ms. Gatewood's statement was not uttered in the midst of an exciting event because he had been physically separated from Ms. Gatewood, and the police officers did not have to calm her down. Appellant also contends that there was "no evidence presented about the time that elapsed between the starting event and Ms. Gatewood's declaration." Appellant's brief at 17. In addition, he alleges there was "no evidence that the declarant's claim – [A]ppellant's attempt to throw a table at her and throw her down the stairs – was the startling event at issue." *Id*. Appellant cites *Keys*, *supra*, for the proposition that there must be independent evidence substantiating the content of the declaration, because the fact finder cannot determine the declarant's credibility or whether she had motive to lie, which would undermine "reliability, which [is] the basis of an excited utterance's admission into evidence." Appellant's brief at 18.

We find the facts herein to be much like those in *Gray*, *supra*. In the present case, Officer Green arrived less than two minutes after the report of screaming. N.T. Trial, 6/10/16, at 9. As he approached the residence, Ms. Gatewood came outside and frantically told him, repeatedly, that Appellant had attempted to throw a table at her and throw her down the stairs. N.T. Trial, 6/10/16, at 16. The statement was not elicited in response to questioning, but spontaneously blurted out under the stress of the event. *See Gray*, *supra* at 571 (holding spontaneity is why an excited utterance is the

- 11 -

"source of reliability and touchstone of admissibility"). The officer described the declarant's demeanor: she was crying, speaking quickly, and had a shaky voice. N.T. Trial, 6/10/16, at 13-14. Officer Green observed that she had teeth indentations on the left side of her neck, a blotch on the left cheek, and a bleeding upper lip, and photographs admitted into evidence at trial confirmed those injuries. *Id*. at 14.

The important question in determining whether a statement constituted an excited utterance is whether, "regardless of the time lapse . . . at the time the statement is made, the nervous excitement continues to dominate while the reflective processes remain in abeyance." *Commonwealth v. Manley*, 985 A.2d 256, 265 (Pa.Super. 2009). The time lapse herein was minimal, given the officers' quick response to the call. Furthermore, Ms. Gatewood's demeanor established that she remained excited and agitated when she spontaneously blurted out what Appellant had done. Her physical injuries, observed by the officer, and depicted in photographs, supported her claim that Appellant had physically assaulted her. Thus, Ms. Gatewood's statement satisfied the criteria for admissibility as an excited utterance.

Appellant argues that, nonetheless, the admission of Ms. Gatewood's statement to Officer Green violated the Confrontation Clause of the federal and Pennsylvania constitutions. He maintains that the statement was testimonial in nature because there was no emergency when it was made.

The Confrontation Clause of the Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted

with the witnesses against him." ***Ohio v. Clark***, 135 S. Ct. 2173, 2180 (2015). The right extends, however, only to statements that are testimonial in nature. Such statements include "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." ***Crawford v. Washington***, 541 U.S. 36, 53 (2004). Since it is the "primary purpose" of a testimonial statement is to serve as evidence against the accused in a subsequent prosecution, the test for determining whether a statement is testimonial is commonly referred to as the primary purpose test. The ***Crawford*** Court indicated that testimonial statements would include extra-judicial statements in formal records such as "affidavits, depositions, former testimony, or confessions" as well as "*ex parte* in-court testimony or its functional equivalent." ***Id***. at 38.

In ***Clark***, the Supreme Court added that, in determining whether the primary purpose test was satisfied, we should also consider the "informality of the situation and the interrogation," because a less formal situation is "less likely to reflect a primary purpose aimed at obtaining testimonial evidence against the accused." ***Clark***, ***supra*** at 2180. If a statement is determined to be testimonial, the witness who prepared it must testify at trial, unless he or she is unavailable and the defendant had a prior opportunity for cross-examination. ***Michigan v. Bryant***, 562 U.S. 344, 354 (2011).

Appellant's premise that the absence of an emergency automatically makes a statement testimonial is a faulty one. Certainly, in the midst of an ongoing emergency or startling event, it is less likely that statements will be made in response to interrogation with the primary purpose of implicating someone. While an emergency is a relevant consideration in determining whether a statement is testimonial, it is not a prerequisite. **See Clark**, **supra** at 2175 (recognizing that "there may be **other** circumstances, aside from ongoing emergencies, when a statement is not procured with a primary purpose of creating an out-of-court substitute for trial testimony.") (emphasis in original).

We thus find that Ms. Gatewood's statements to Officer Green were not testimonial, and therefore, not subject to the Confrontation Clause. The evidence revealed that Officer Green was responding to an urgent call reporting screaming. Since he and his partner arrived within one minute of receiving the dispatch, there was little time lapse. As Officer Green approached the house, Ms. Gatewood opened the door and excitedly blurted out these statements. N.T. Trial, 6/10/16, at 25. Officer Green did not interrogate Ms. Gatewood before she began speaking; her statement was spontaneously uttered in the stress of the moment.

We find that these facts, together with the evidence that Ms. Gatewood was flustered and excited, negated any reasonable inference that she intended to create evidence in furtherance of prosecution. Although her statements

resulted in the commencement of criminal proceedings, Appellant has not convinced us that they were uttered with that purpose. Her "primary purpose . . . was certainly not to invoke the coercive machinery of the State" against Appellant. **Clark**, **supra** at 2184 (Scalia, J. concurring). Her primary purpose was to seek aid and protection from further harm to her person, as in **Gray**, **supra**.

For these reasons, we find that Ms. Greenwood's statement to Officer Green was not testimonial, and its admission did not violate his federal and state constitutional rights to confront his accuser.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/18