J-S01016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :  PENNSYLVANIA
                              :
         v.                    :
                              :
                              :
DARYL LEE BARNES           :
                              :
         Appellant      :  No. 329 MDA 2020

Appeal from the Judgment of Sentence Entered January 9, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000319-2019

BEFORE:  LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:        FILED MAY 14, 2021

Daryl Lee Barnes (Appellant) appeals from the judgment of sentence imposed in the Court of Common Pleas of Bradford County on January 9, 2020, after a jury found him guilty of driving under the influence, terroristic threats, resisting arrest, and disorderly conduct.[1]  After granting in part Appellant's post-sentence motion, the trial court imposed an aggregate sentence of eight to sixty months of incarceration.  **See** Trial Ct. Op., 5/14/20, at 1.  Appellant challenges the denial of his mistrial motion and the sufficiency of evidence supporting his terroristic threats conviction.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1); 18 Pa.C.S. §§ 2706(a)(1), 5104, 5503(a)(1).  The trial court found Appellant guilty of the following summary offenses: harassment (18 Pa.C.S. § 2709(a)(1)), unsafe lane change (75 Pa.C.S. § 3309(1)), driving at an unsafe speed (75 Pa.C.S. § 3361), careless driving (75 Pa.C.S. § 3714(a)), reckless driving (75 Pa.C.S. § 3736(a)), and failure to give information/render aid (75 Pa.C.S. § 3744(a)).

The trial court described the underlying facts as follows:

Trooper [John] Borisuck was called to the scene where Appellant had been in a one vehicle accident while he was driving. Upon [Trooper Borisuck's] arrival, Appellant was sitting on or in the back of an ambulance. Upon asking him to step out, there was a moderate odor of alcohol. Appellant was erratic and became more agitated as Troopers attempted to speak to him. At one point in time, Appellant "squared up with" Trooper Borisuck [ ] "in a fighting stance." Trooper [Borisuck] told Appellant to sit down or he would be arrested. Appellant then turned around and was going to climb back into [the] ambulance. Troopers attempted to place Appellant in custody and a struggle ensued. The Troopers eventually handcuffed Appellant. Appellant continued to resist the entire time Troopers walked him to [the] patrol car. Once in the patrol car, Appellant was somehow able to slip the handcuffs from behind his back to his front. Appellant then became "out of control." Troopers continued to restrain him by using a tie on handcuffs and feet. It was at this point [ ] that Appellant told Trooper Borisuck that he had a Smith and Wesson coming for him. This was also [captured by] the police car video recorder that was presented and played at trial.

Trial Ct. Op., 5/14/20, at 6 (citations to record omitted).

Appellant had a one-day jury trial on November 5, 2019, and was found guilty of the aforementioned offenses.[2] During the first portion of Appellant's trial, Appellant's legs were shackled; Appellant made a mistrial motion, which was denied. N.T., 11/5/19, at 60-62. He was sentenced on January 9, 2020, and after a post-sentence motion was filed on January 14th, his sentence was amended on January 21st. Appellant filed a timely notice of appeal on

_____

[2] The Commonwealth withdrew a charge of simple assault (18 Pa.C.S. § 2701(a)(1)) and the jury acquitted Appellant of aggravated assault (18 Pa.C.S. § 2702(a)(3)).

February 19th, and made timely compliance with the trial court's order per Pa.R.A.P. 1925(b).

Appellant argues that the trial court erred in denying his mistrial motion after Appellant was seated at the defense table while shackled at the ankle during the first portion of his jury trial. Appellant's Brief at 15-16. Appellant points out that the Fifth and Fourteenth Amendments to the United States Constitution prohibit use of physical restraints in view of jurors absent the trial court's determination that they are justified. *Id.* at 18.

The Commonwealth argues that Appellant failed to demonstrate prejudice and failed to follow up on the trial court's offer to query the jurors post-verdict to find out whether they saw the leg restraints, and therefore Appellant cannot carry his burden as to this claim. Commonwealth's Brief at 3-7.

The trial court recounts an exchange outside of the jurors' presence in which Appellant's counsel brought the issue to the court's attention. Trial Ct. Op. at 2. The trial court confirmed that Appellant's legs were visible from the jury box, but denied the motion without prejudice to revisit the issue later. *Id.*, *quoting* N.T., 11/5/19, at 60-63. The trial court suggested finishing trial and, depending on the verdict, inquiring of the jurors whether they saw the leg restraints. *Id.* at 3. However, this was the last time the issue was raised until the present appeal. *Id.* The trial court explains that the exposure was

*de minimis*, as Appellant's pants covered the restraints save the short chain connecting them, and the jury sat at a distance of at least twenty feet.[3]

A motion for a mistrial lies within the trial court's discretion, and will not be disturbed absent an abuse of that discretion. **Commonwealth v. Bennett**, 225 A.3d 883, 890 (Pa. Super. 2019). Mistrial is required where an incident arises of such a nature that its unavoidable effect is to deprive a defendant of a fair and impartial trial. **Id.**

Our Supreme Court has upheld denial of mistrial where a defendant was possibly viewed by a jury panel while in handcuffs, because no evidence was presented that there was prejudice or that any juror actually saw the handcuffed defendant. **See Commonwealth v. Davis**, 351 A.2d 642, 649 (Pa. 1976). The trial court's opinion indicates that this was an inadvertent oversight rather than a safety measure. Therefore, Appellant is correct that it should not have happened. To grant relief, we would also have to find that he was denied a fair trial due to the unavoidable effect of the leg restraints' influence over the jury. This we cannot do, as the record does not reflect that the jury even noticed the restraints, and under **Davis** there must be some showing of prejudice. **See id.** We also note that the trial court invited Appellant to raise the issue later in proceedings, and raised the possibility of

---

[3] The trial court notes that this distance estimate is not of record. Trial Ct. Op. at 4. We do not rely on it except inasmuch as it is consistent with the discussion recounted on pages two and three of the trial court's opinion and memorialized in the trial notes of testimony.

asking the jurors about it post-verdict, yet Appellant did not avail himself of these options. *See* Trial Ct. Op. at 3. The possibility of improper influence, without more, is not sufficient to surmount the steep requirements of the abuse of discretion standard.

Appellant next argues that the evidence is insufficient to support his terroristic threats conviction, as his severely impaired state at the time he made the "Smith and Wesson" comment negates the intent to terrorize. The trial court concludes that the evidence was sufficient, given the plainly threatening nature of the comment itself. Trial Ct. Op. at 6. This Court has held that intoxication can negate the intent necessary to make out the charge. *See Commonwealth v. Kidd*, 442 A.2d 826, 827 (Pa. Super. 1982). In *Kidd*, the "appellant told the police he was going to kill them, machine gun them, if given a chance" during his arrest for public drunkenness. *Id.* This Court concluded that "[Kidd] was obviously inebriated and in an agitated and angry state of mind. The record evinces that his conduct expressed transitory anger rather than a settled purpose to carry out the threat or to terrorize the other person." *Id.* Appellant also points to the Official Comment to the statute, which specifies that "[i]t is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." *See* Appellant's Brief at 19; 18 Pa.C.S. § 2706, Official Comment.

The Commonwealth argues that this case is more like *Commonwealth v. Hardwick*, 445 A.2d 796 (Pa. Super. 1982). Commonwealth's Brief at 9. In *Hardwick*, corrections officers broke up a fight at Allegheny County Jail,

- 5 -

and the defendant, who was subdued during the fight, approached one of the officers who subdued him over a week later and said that when he was freed from jail, he would get a gun and come after the officer and his colleague. *Hardwick*, 445 A.2d at 797. The Commonwealth focuses on the nature of the threats in this comparison, but *Hardwick* does not involve evidence of extreme intoxication at the time the threat was issued.

In reviewing a challenge to the sufficiency of the evidence, we "must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt." *Commonwealth v. Lytle*, 663 A.2d 707, 708 (Pa. Super. 1995). To be found guilty of terroristic threats, a person must "threaten to [ ] commit any crime of violence with [the] intent to terrorize another...." 18 Pa.C.S. § 2706(a)(1). "In reviewing a statement alleged to be a terroristic threat, we do not look at the statement in a vacuum. Instead, we must look at it in light of the surrounding circumstances." *Commonwealth v. Anneski*, 525 A.2d 373, 376 (Pa. Super. 1987) (citation omitted). "'[N]either the ability to carry out the threat nor a belief by the person threatened that it will be carried out is an essential element of the crime.'" *Commonwealth v. Hudgens*, 582 A.2d 1352, 1358 (Pa. Super. 1990) (citation omitted). "Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security." *Commonwealth v. Tizer*,

684 A.2d 597, 600 (Pa. Super. 1996) (citation omitted). This Court has long recognized that intent to terrorize is integral to the offense of terroristic threats. *See, e.g., Commonwealth v. Kline*, 201 A.3d 1288, 1290 (Pa. Super. 2019) (while ability to carry out threat or belief it will be carried out is not essential, intent to terrorize is required; making the threat with intent to terrorize constitutes the crime).

We decline to second-guess the jury's verdict as to terroristic threats. "[T]he defense of diminished capacity is a matter for a jury to believe or disbelieve as it sees fit." *Commonwealth v. Vandivner*, 962 A.2d 1170, 1177 (Pa. 2009). The jury is in the best position to weigh such matters, and we will not disturb their determination that Appellant's conduct established beyond a reasonable doubt that the threat he issued, which on its face fits within the conduct proscribed by the statute, was made with prohibited intent. We agree with the trial court that "[t]he jury was free to infer that Appellant was verbalizing a threat to commit a crime of violence with the intent to terrorize Trooper Borisuck." Trial Ct. Op. at 6.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/14/2021